NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3194

ROGELIO GOMEZ,

Petitioner,

v.

DEPARTMENT OF LABOR,

Respondent.

_____

DECIDED:  August 14, 2006

_____

Before NEWMAN, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Rogelio Gomez petitions for review of a decision of the Merit Systems Protection Board, Docket No. DA-1221-05-0215-W-1, in which the Board denied his request for corrective action in his individual right of action ("IRA") appeal.  We <u>affirm</u>.

## BACKGROUND

Mr. Gomez was a probationary employee with the Occupational Safety and Health Administration in the Department of Labor.  He was removed from his position in 2002 during his probationary period for insubordination and failure to exercise good

judgment while conducting agency business. Mr. Gomez sought to appeal to the Merit Systems Protection Board from the removal action, alleging that he was terminated because he was a Methodist and because he was Hispanic. That appeal was dismissed based on Mr. Gomez's status as a probationary employee. Mr. Gomez also filed a discrimination claim with the Department of Labor, alleging discrimination on the same two grounds. After the agency found no discrimination, Mr. Gomez appealed that determination to the Equal Employment Opportunity Commission, which rejected his appeal.

Following the agency's decision on his discrimination claim, Mr. Gomez filed a complaint with the Office of Special Counsel, asserting for the first time that his termination was in retaliation for whistleblowing activity. After the Office of Special Counsel notified Mr. Gomez that it was terminating its inquiry into his complaint, he filed the present IRA appeal with the Merit Systems Protection Board.

The administrative judge who was assigned to the case ruled that Mr. Gomez had raised non-frivolous allegations of fact sufficient to warrant a hearing. In particular, the administrative judge ruled that Mr. Gomez had made sufficient allegations that he had made a protected disclosure and that his termination was in reprisal for that disclosure. Accordingly, the administrative judge conducted a hearing to determine whether the agency's termination action was in fact in retaliation for protected whistleblowing.

The evidence at the hearing showed that Mr. Gomez's supervisor had instructed him not to participate as a translator in a particular interview being conducted by a co-worker because of concerns about placing Mr. Gomez in a situation in which he could

potentially be accused of sexual harassment.  Mr. Gomez, however, participated in the interview anyway, in disregard of the instructions he was given.  An investigation of the incident revealed not only that Mr. Gomez had acted contrary to his supervisor's instructions, but also that on two other occasions, Mr. Gomez had engaged in misconduct by making sexually suggestive remarks to a female co-worker and to a female employee of a company that the agency was investigating.  The agency decided to terminate him based on those incidents.  In response, Mr. Gomez contended that during the investigation of his conduct he had complained about the behavior of the co-worker who conducted the interview, claiming that she had acted improperly toward the witness in the course of the interview.  It was that complaint that he alleged was the protected disclosure that resulted in his termination.

After the hearing, the administrative judge concluded that, even assuming Mr. Gomez made a protected disclosure, the evidence "fails to support a conclusion that this disclosure was a contributing factor in the agency's decision to terminate his employment during the probationary period."  Beyond that, the administrative judge ruled, "the credible evidence overwhelmingly supports a conclusion that, under the circumstances shown, the agency would have terminated this probationary employee, even in the absence of this disclosure."

## DISCUSSION

In order to establish a prima facie case of retaliation for whistleblowing activity, the appellant must show by a preponderance of the evidence that he made a protected disclosure that was a contributing factor in the action being appealed.  See 5 U.S.C. §§ 1221(e)(1), 2302(b)(8); Frey v. Dep't of Labor, 359 F.3d 1355, 1359 (Fed. Cir. 2004);

Briley v. Nat'l Archives & Records Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001). Even if the appellant makes such a showing, no corrective action is required if "the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of [the protected] disclosure." 5 U.S.C. § 1221(e)(2); Carr v. Soc. Sec. Admin., 185 F.3d 1318, 1322 (Fed. Cir. 1999); Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993).

In this case, the administrative judge, after conducting a hearing, found that Mr. Gomez had failed to show that his alleged protected disclosure contributed to his termination. That finding, which was supported by a detailed factual recitation and credibility determinations by the administrative judge, is plainly supported by substantial evidence. In addition, the administrative judge made the further finding that the evidence clearly and convincingly showed that the agency would have taken the same action against Mr. Gomez even in the absence of his asserted protected disclosure. That finding, like the first, is supported by substantial evidence.

Although Mr. Gomez argues at length about the facts of the case, contending that the administrative judge should not have found the facts against him, the standard of review on an appeal from factual findings of the Board is a difficult one for an appellant to overcome, especially when the Board's findings are based on credibility determinations. See King v. Dep't of Health & Human Servs., 133 F.3d 1450, 1453 (Fed. Cir. 1998) ("an evaluation of witness credibility is within the discretion of the Board and . . . such evaluations are 'virtually unreviewable'"); Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984) (Board's factual findings must be upheld if "it has a rational basis supported by substantial evidence from the record taken as a whole. The

record need only disclose such relevant evidence as might be accepted by a reasonable mind as adequate to support the conclusion reached."). We hold that Mr. Gomez has failed to satisfy that exacting standard in this case, and we therefore sustain the ruling of the Board rejecting his IRA appeal.